FILED

MAR 0 9 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUSTIN KRAFT and KRAFT PIANO
SERVICES, LLC,

                Plaintiffs,

v.

DENNIS ARDEN, Individually; NEW
OCTAVE CORPORATION, a domestic
corporation and d/b/a/ INTERNATIONAL
PIANO SUPPLY; and INTERNATIONAL
PIANO SUPPLY, INC., a domestic
corporation,

                Defendants.

CV. 07-487-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

This matter is before the court on Defendants Dennis Arden and Alice Rice's Statement
of Attorney Fees (#83) and defendants' Supplemental Bill of Costs (#86). This court has
diversity jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons set forth below, I grant in
part defendants' attorney fees motion, in the amount of $1,377.49. I grant costs in the amount of

$101.62.

## STATEMENT OF FACTS

Plaintiffs Justin Kraft and Kraft Piano Services, LLC brought this diversity action alleging claims for interference with business relations against Dennis Arden and breach of contract against defendants International Piano Supply, New Octave Corporation, Dennis Arden and Alice Rice. Justin Kraft is Kraft Piano's sole member and investor. Before 2006, New Octave and International Piano were two divisions of the same corporation, operating under the name New Octave. In 2006, International Piano became a separate corporation, owned by New Octave. Defendants Arden and Rice are officers of New Octave.

Plaintiffs were aware that Arden and Rice were corporate officers. The complaint alleged Arden and Rice did business as International Piano Supply and recognized that International Piano was not incorporated until 2006. It further recognized that Arden and Rice were officers of New Octave, and alleged New Octave was the parent company of International Piano. Plaintiffs also had a proposed agreement for the sale of International Piano, signed by Alice Rice, as vice-president of New Octave.

Plaintiffs' breach of contract cause of action arose out of discussions between Kraft, acting as a representative for Kraft Piano Services, and Arden, acting as a representative of New Octave. In the original complaint, the alleged contract concerned "the purchase of Arden's retail piano supply business." During his deposition in early 2008, however, Kraft testified that there was never an agreement to sell the business and the agreement was actually for a distributorship.

In March 2008, defendants offered to settle the case with plaintiffs for a nominal sum. Plaintiffs refused defendants' offer.

Page 2 - OPINION AND ORDER

In May 2008, two weeks before the dispositive motion deadline, plaintiffs moved to amend their complaint, to allege that the purported contract was for a distributorship, as Kraft had testified during his deposition. I granted plaintiffs' motion to amend, over defendant's opposition, and in June 2008, plaintiffs filed a first amended complaint, which asserted claims for interference with business relations against Arden and breach of contract against Arden, International Piano and New Octave Corporation. The amended complaint dropped the allegations against Alice Rice.

On November 7, 2008, I granted defendants' motion for summary judgment. *Kraft v. Arden*, No. 07-487, 2008 U.S. Dist. LEXIS 91001 (D. Or. Nov. 7, 2008). I granted summary judgment on the breach of contract claims against International Piano and Arden because plaintiffs did not offer any evidence to support their responsibility for the alleged breach. *Id.* at *21. I granted New Octave's motion for summary judgment on the breach of contract claim because the plaintiffs did not present evidence of mutual assent to the purported oral agreement and could not overcome Oregon's Statute of Frauds. *Id.* at * 26-27. Additionally, I held that plaintiffs could not prevail on their alternative promissory estoppel theory because the alleged promise was too illusory to induce foreseeable reliance and so indefinite that plaintiffs could not prove breach. *Id.* at *38. I granted summary judgment on the intentional interference with business relations claim because plaintiffs did not establish improper means, causation or damages. *Id.* at *42.

In January 2009, I partially granted defendants' motion for attorney fees pursuant to Oregon Revised Statute section 20.105(1), which requires that a court award attorney fees if it finds "there was no objectively reasonable basis for asserting the claim." Or. Rev. Stat. §

20.105(1); *Kraft v. Arden*, No. 07-487, 2009 U.S. Dist. LEXIS 1527 (D. Or. Jan. 8, 2009).  I

denied New Octave's motion for fees because the breach of contract claim against New Octave

had an objectively reasonable basis. *Id.* at *14.  I denied International Piano's claim for fees

because its defense overlapped with New Octave's defense. *Id.* at *15.  I concluded, however,

that plaintiffs had no objectively reasonable basis to pursue the breach of contract claims against

Rice and Arden as individuals. *Id.* at *16-17.  I therefore held that Rice and Arden alone were

entitled to fees, and only for their defense of the breach of contract cause of action. *Id.*  I

accordingly instructed defendants to provide an attorney fee statement explaining how they

apportioned the time spent on the breach of contract claims against Rice and Arden from the time

spent on the other defendants and the intentional interference claim against Arden. *Id.* at *26.

That statement is now before the court.

## LEGAL STANDARD

State law governs attorney fee awards in diversity actions. *Schulz v. Lamb*, 591 F.2d

1268, 1273 (9th Cir. 1978); *Schumacher v. City of Portland*, No. 07-601, 2008 U.S. Dist. LEXIS

5443, at *5 (D. Or. Jan. 23, 2008).  Because "the method of calculating a fee is an inherent part

of the substantive right to the fee itself," the district court applies state law to determine, not only

eligibility for fees, but also the amount of the fee award. *Mangold v. California Public Utilities

Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995).  Under Oregon law, the courts award attorney fees

following the factors specified in Oregon Revised Statute section 20.075. *McCarthy v. Oregon

Freeze Dry, Inc.*, 327 Or. 185, 188, 957 P.2d 1200 (1998) (citing Or. Rev. Stat. § 20.075(2)).

The opposing party's objections to the attorney fee award "play an important role" in framing the

issues relevant to the court's decision. *Id.* at 189.  Even absent objections from the opposing

party, the court has an independent duty to review a fee petition for reasonableness. *See Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992); *Schumacher*, 2008 U.S. Dist. LEXIS 5443 at *6. The court must provide "a brief description or citation to the factor or factors on which it relies when granting or denying an award of attorney fees" but has no obligation "to make findings on other statutory criteria that play no role in the court's decision." *McCarthy*, 327 Or. at 188.

## DISCUSSION

### I.    Attorney Fees

This court has already decided that Rice and Arden are entitled to attorney fees for their defense of the breach of contract action, pursuant to Oregon Revised Statute section 20.105(1). *Kraft*, 2009 U.S. Dist. LEXIS 1527, at *26. Thus, the current dispute concerns whether defendants have requested a reasonable amount of fees. Defendants Rice and Arden seek $87,823.25 in attorney fees. Their sum includes their estimate of the total amount of fees spent by all defendants to oppose the breach of contract cause of action and the fees Rice and Arden incurred in the preparation of their fee petition.

Plaintiffs object to the amount of fees defendants requested on the ground that defendants must apportion the fees Rice and Arden incurred in the breach of contract cause of action from the fees for the defense of New Octave and International Piano. Plaintiffs additionally argue that the total amount of fees that defendants seek is excessively high and note that defense counsel often charged for when one attorney reviewed the work of another and that the case did not involve complex issues. Plaintiffs also argue that an award of the full amount that defendants request would deter future plaintiffs from pursuing meritorious claims.

Page 5 - OPINION AND ORDER

## A.    Apportionment of Fees

In Oregon, "[w]hen a party prevails in an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the trial court must apportion attorney fees, except when there are issues common to both claims." *Bennett v. Baugh*, 164 Or. App. 243, 247, 990 P.2d 917 (1999). When the claims involve common legal issues, the court need not apportion fees, because "the party entitled to fees would have incurred roughly the same amount of fees irrespective of the additional claim or claims." *Id.* at 248-249 (defendants were entitled to fees for their defense of the contract action but could not recover fees for their unfair debt collection practices counterclaim because that claim did not overlap or duplicate the issues in the contract action); *see also Estate of Smith v. Ware*, 307 Or. 478, 481-482, 769 P.2d 773 (1989) (defendant was entitled to fees for defending an unlawful trade practices claim, including those that were also necessary to defend against a fraud claim, because he would have incurred the fees whether plaintiff had alleged fraud or not); *Freeland v. Trebes*, 162 Or. App. 374, 379, 986 P.2d 630 (1999) (plaintiff was entitled to fees on his one successful claim, which he obtained relief on before trial, but could not recover the fees he incurred to prepare for trial and try his remaining claims).

Here, defendants argue that the court should not apportion the breach of contract claims against New Octave and International Piano from the breach of contract claims against Arden and Rice. They assert that Arden and Rice would have incurred roughly the same fees had plaintiffs pled the breach of contract claim solely against them as they would have incurred to defend the breach of contract claim against all of the defendants. Defendants' argument is unpersuasive.

Defendants overlook that the breach of contract claims against Rice and Arden as individuals do not overlap with the claims against the corporate entities. If plaintiffs had sued only Rice and Arden as individuals, the parties likely would not reach the merits of the contract cause of action because plaintiffs failed to allege or present any evidence to support that Rice and Arden were personally liable. As a result, the breach of contract claims against Rice and Arden involved questions of agency law and piercing the corporate veil that did not arise in the breach of contract claims against the corporate defendants.

I find defendants' failure to apportion claims inexplicable. I explained the distinction between the individual and corporate breach of contract claims in my earlier ruling on whether defendants were entitled to fees. I specifically found that defendants were not entitled to fees on the breach of contract claims against New Octave because that claim had a reasonable basis. *Kraft*, 2009 U.S. Dist. LEXIS at *14. I denied fees on the contract claim against International Piano because that claim necessarily overlapped with the claim against New Octave. *Id.* at *15. I awarded fees to Rice and Arden on the contract claims against them because plaintiffs failed to allege or present any evidence that they were personally liable. *Id.* at *15-16. I also specifically requested that defendants apportion the time they spent defending the breach of contract claims against Rice and Arden from the time they spent on the other claims. *Id.* at 26.

### B.    Factors Under Oregon Revised Statute Section 20.075(1)

Subsection (1) requires the court to consider the following factors:

(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

(b) The objective reasonableness of the claims and defenses asserted by the

parties.

(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

(h) Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1). Here, factors (g) and (h) play no role in my decision. I address the remaining factors below.

### (a) The Conduct of the Parties in the Transactions or Occurrences that Gave Rise to the Litigation

The conduct that gave rise to the litigation in this matter consisted of a series of discussions between Kraft and Arden regarding a potential business relationship. The facts did not demonstrate that either party acted in bad faith. I accordingly find this factor neutral.

### (b) The Objective Reasonableness of the Claims and Defenses Asserted by the Parties.

In ruling on the question of whether defendants were entitled to attorney fees under Oregon Revised Statute section 20.105, I already determined that the breach of contract claims against Rice, Arden and International Piano were not objectively reasonable. The defense of those claims was reasonable. Thus, I find this factor favors Rice and Arden.

Page 8 - OPINION AND ORDER

### (c) & (d) The Deterrent Effect of an Award on Future Litigants

"[O]rdinarily, when a party successfully defends against a fee-generating claim and the claim is meritless, awarding . . . the prevailing party . . . attorney fees serves to deter meritless claims in the future." *Barbara Parmenter Living Trust v. Lemon*, 345 Or. 334, 345, 194 P.3d 796 (2008). The court, however, must balance "the interests of deterring meritless claims and safeguarding the right to pursue meritorious claims." *Schumacher*, 2008 U.S. Dist. LEXIS, at *15. Here, I previously decided that defendants are entitled to fees only for the breach of contract claims against Rice and Arden, because only those claims were not objectively reasonable. This strikes the proper balance, because it allows Rice and Arden to recover fees on the claims that lacked merit, which, as demonstrated below, comprise a small portion of the total fee award that defendants seek in this case.

### (e) & (f)  The Objective Reasonableness and Diligence of the Parties and Their Attorneys During the Proceedings and in Pursuing Settlement

For the most part, the parties and attorneys acted diligently. I note, however, that plaintiffs' decision to amend their complaint to change the breach of contract allegations forced the defendants to incur additional fees, as defendants had already started to prepare for summary judgment. On the other hand, while the plaintiffs could have amended sooner, the amendment affected the merits of the breach of contract cause of action, not whether Rice and Arden were individually liable. I also note that defendants attempted to settle the case before they filed their motion for summary judgment, although they offered a nominal sum. Thus, this factor only slightly favors the defendants.

## C.    Factors Under Oregon Revised Statute Section 20.075(2)

Subsection (2) requires the court to consider the following factors:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). Courts assess the reasonableness of the number of hours by examining the time, labor, skill and difficulty of issues along with the amount involved and the results obtained. *Gardner v. Martin*, No. 05-769, 2006 WL 2711777, at * 6 (D. Or. Sept. 19, 2006). Courts determine the reasonable hourly rate by looking to the fee customarily charged in the locality and the experience, reputation and ability of the attorneys involved. *Id.*

Several of these factors are not relevant to this case. It appears that defense counsel's representation did not preclude counsel from taking on other cases. Or. Rev. Stat. § 20.075(2)(b). The case did not impose unusual time limitations. § 20.075(2)(e). Neither firm claims that it had a longstanding relationship with their respective client. § 20.075(2)(f). Finally, the attorney fees for defense counsel were fixed. § 20.075(2)(h).

### (a) & (d)  Time and Labor Required, the Novelty and Difficulty of the Questions Involved and the Skill Needed, the Amount Involved and the Results obtained

Although the amount involved in this case was substantial and defendants obtained summary judgment in their favor on all claims, this result is leavened by the fact that the question of Rice or Arden's personal liability was not complex nor did it require a high degree of skill. Plaintiffs neither alleged nor presented any evidence that Rice and Arden were individually liable. Moreover, defendants mistakenly failed to apportion the time spent on the defenses unique to Rice and Arden as individuals from the time spent on the breach of contract claim against the corporate entities.

Because defendants have not apportioned the time they spent defending Rice and Arden as individuals, I have conducted my own review of their billing records to arrive at a reasonable number of hours. Those records do not separate out the work performed for each defendant. Defense counsel, however, noted that the majority of their work on discovery and procedural matters related to the breach of contract claims against all of the defendants. Since Rice was dismissed early in the case, I looked at the records pertaining to her deposition. For Arden, because the issue of Arden's individual liability was first fully briefed in plaintiffs' opposition to summary judgment, I examined the records pertaining to defendants' preparation of the reply memorandum and subsequent oral argument.

The billing records support only a minimal award of fees to Rice. Defense counsel Keith Dubanevich spent roughly four hours preparing for and reviewing Rice's deposition, on February 28-29, 2008 and March 17-18, 2008. Because Rice signed the proposed agreement for the sale of International Piano as an officer of New Octave, her deposition was relevant to the breach of

Page 11 - OPINION AND ORDER

contract claim against New Octave. However, plaintiffs also inquired regarding her role as a corporate officer and the corporate structure, covering roughly four pages of the 40 page transcript. Thus, of the approximately four hours that defense counsel spent scheduling, preparing for and reviewing Rice's deposition, I conclude that .5 hours of Dubanevich's time reasonably applies to the claim against Rice as an individual.

As for the defense of Arden as an individual, defendants' memorandum in support of its motion for summary judgment included just two sentences, with no legal citation, indicating that plaintiffs had failed to allege or prove his individual liability. Defendants' reply memorandum, however, devoted two pages to that issue. The billing records for August 27, 2008 indicate that Adam Kelly spent one hour researching shareholder liability. In addition, the billing records for August 27 through September 9, 2008 indicate that Kelly spent 16.4 hours researching the case law that plaintiffs cited in their opposition and drafting the reply memorandum.[1] I conclude that 1.5 of these sixteen hours can reasonably be attributed to drafting two pages of the reply memorandum. Thus, including the one hour of research on shareholder liability, 2.5 hours of Kelly's time reasonably applies to the claim against Arden as an individual.

At oral argument, the parties discussed individual liability for approximately five minutes. From September 18, 2008 through October 6, 2008, Dubanevich spent 10.7 hours preparing for oral argument.[2] I therefore conclude that one hour of Dubanevich's time

---

[1] This figure does not include the billing entries for drafting supplemental declarations or reviewing evidence. I excluded those hours because the bulk of the evidence did not directly relate to Arden's individual liability.

[2] I did not include the 1.55 hours Kelly charged, in addition to the 1.55 hours Dubanevich charged, for the meeting the two attorneys held on October 2, 2008 to prepare for oral argument. "When attorneys hold a . . . personal conference with another attorney . . ., good 'billing

reasonably applies to the claim against Arden as an individual.

In conclusion, I find that a total award of 1.5 hours of Dubanevich's time and 2.5 hours of Kelly's time is reasonable, in light of the fact that defendants may only recover for the claims against Rice and Arden as individuals.

### (c) & (g) The Fee Customarily Charged in the Locality for Similar Legal Services and the Experience, Reputation and Ability of the Attorneys

The courts of this district use the most recent Oregon State Bar Economic Survey, as a benchmark to determine the fee customarily charged in the locality, and adjust the survey rates for inflation between the date the survey was published and the date the legal services were performed. *Schumacher*, 2008 U.S. Dist. LEXIS 5443, at *8-9 (citing *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). The most recent Oregon State Bar economic survey was published in December 2007[3] and the average rate of inflation from 2007 to 2008 rounds to four percent.[4]

Here, I have decided to award fees only for work done by Dubanevich and Kelly in 2008. Dubanevich charged $375 per hour in 2008. He has twenty-five years of experience, including twenty years focusing on business litigation. His $375 per hour rate falls between the 75th and 95th percentile rate for Portland attorneys with 21-30 years of experience, and between the 75th

---

judgment' mandates that only one participant in the conference should bill" for that time. *Taylor v. Albina Cmty. Bank*, No. 00-1089, 2002 U.S. Dist. LEXIS 25580, at *12 (D. Or. Oct. 2, 2002).

[3] The Oregon State Bar Economic Survey is available at: http://www.osbar.org/surveys_research/snrtoc.html. Although defense counsel submitted the Oregon State Bar Business Litigation Section Hourly Rate Survey, dated June 2008, in support of the fee petition, my figures derive from the Economic Survey.

[4] The Consumer Price Index is available on the Bureau of Labor Statistics web site at: http://www.bls.gov/CPI/.

and 95th percentile rate for Portland attorneys who practice business litigation. I accordingly find his rate reasonable.

Kelly, who first joined the bar in 2002, and whose practice also focuses on business litigation, charged $245 per hour. His rate falls just below the inflation-adjusted 95th percentile rate for Portland attorneys with 4 to 6 years of experience and falls between the 25th percentile and the 75th percentile rate for Portland attorneys who practice business litigation. I therefore find his rate reasonable.

In summary, Rice and Arden may recoup a total of $562.50 for Dubanevich's time and $612.50 for Kelly's time, for a total of $1,175.

### D.     Fee-on-Fees Award

The Ninth Circuit has approved a reduction in attorneys' fees for "fee-on-fees" by the ratio of the fees actually awarded in the underlying fee dispute to the amount requested. *See, e.g.,* *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. Or. 1995). Here, defendants requested $75,289 in fees for work performed on the merits of the case and I have decided to award $1,175 in fees.[5] Thus, defendants recovered 1.6% of their requested fees on the merits. The billed amount for the attorney fees on the fee petition totals $12,655.75.[6] Defendants are therefore entitled to recover 1.6% of $12,655.75, or $202.49 in fees for their preparation of the fee petition.

---

[5]I arrived at the $75,289 figure by subtracting the $9534.25 that defense counsel claimed for work on the fee petition from the total $84,823.25 claim.

[6]This figure reflects the total amount billed for work on the fee petition, before defendants adjusted it downward to reflect that the court awarded fees to only two defendants.

Page 14 - OPINION AND ORDER

**II.      Supplemental Bill of Costs**

Plaintiffs have not objected to defendants' supplemental bill of costs, seeking $101.62 in

addition to the $2,974.13 in costs I previously awarded.  Defendants may therefore recoup the

additional $101.62 as costs.


**CONCLUSION**

Defendants Dennis Arden and Alice Rice's Statement of Attorney Fees (#83) is granted in

part in the amount of  $1,377.49.  Defendants' Supplemental Bill of Costs (#86) is granted in the

amount of $101.62.

IT IS SO ORDERED.

Dated this 9th day of March, 2009.

Honorable Paul Papak
United States Magistrate Judge